FILED

LODGED

2012 JUL -9 AM 10: 33

2012 MAY 24 PM 12: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

TERESA STEPHENS

PLAINTIFF(S)

V.

UNITED STATES ET AL

DEFENDANT(S)

CASE NUMBER

MC12- 254 UA (SSx)

ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE

**IT IS ORDERED** that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____         _____
Date                             United States Magistrate Judge

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency.                 ☐ District Court lacks jurisdiction.

☒ Legally and/or factually patently frivolous      ☐ Immunity as to _____

☐ Other: _____

Comments:

7/5/12                            /s/ Suzanne H. Segal
Date                              United States Magistrate Judge

**IT IS ORDERED** that the request of plaintiff to file the action without prepayment of the filing fee is:
    ☐ GRANTED    ☒ DENIED (See comments above).

7/6/12                            /s/ Audrey B. Collins
                                  CHIEF U.S. DISTRICT JUDGE

CV-73A (01/10)     ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE

## ATTACHMENT TO DENIAL OF IFP APPLICATION FOR TERESA L. STEPHENS, CASE NO. CV 12-00254-UA (SS)

Pro se Plaintiff Teresa L. Stephens ("Plaintiff") has submitted an application to proceed in forma pauperis ("IFP"). However, Plaintiff's IFP application must be denied because Plaintiff's complaint appears to be legally and factually patently frivolous.

Plaintiff's complaint is hundreds of pages and includes a wide variety of nonsensical and confusing allegations. As an initial matter, Plaintiff names as defendants the President of the United States, the Vice President, numerous White House officials, the entire Congress, the Department of Defense, the Central Intelligence Agency, numerous additional executive agencies and officials, Sprint Nextel Corporation, AT&T Corporation, the Cable News Network, numerous other media corporations and executives, several law firms, as well as 100 Doe defendants. (Complaint at 1-8). Plaintiff contends that "the federal government of the United States is fraudulent in their governance, acted as principals in and negligent in [sic] to the citizens of the United States, negligent in failing to prevent the rebellion against and promote the well-being of the citizens of the United States and work in conspiracy with other Respondents." (Id. at 14). Plaintiff further contends that the National Security Agency "is aware of and utilizes state-of-the-art technologies and techniques which have the capability to track and surveillance [sic] the citizens of the United States and physically harm [Plaintiff]." (Id. at 15). With regard to the media corporations, Plaintiff contends that they "produce, including but not limited to, weapons of mass destruction, satellites, satellites [sic] equipment, devices and technologies, tracking devices, surveillance equipment and technologies and other state-of-the-art electronics used by Respondents to surveillance [sic] the citizens of the United States and in the torture of [Plaintiff]." (Id. at 63). The remainder of the complaint contains similar rambling allegations.

Plaintiff seeks various forms of relief including an Order authorizing her to depose John Travolta, Lamar Odom, Mel Gibson, and Angelina Jolie. (Complaint at 432). Because Plaintiff's complaint lacks any arguable substance in law and fact and there is no amendment that could cure the deficiencies of her complaint, IFP status should be denied. See Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir. 1987) (district court may deny IFP status if it appears from the face of the complaint that the action is frivolous or without merit); Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) (IFP status may be denied where complaint lacks arguable substance in law and fact).